IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GALLOWAY and ASSOCIATES, PLLC,
and GALLOWAY and ASSOCIATES,

                Plaintiffs,

v.                                    CIVIL ACTION NO. 3:10-0830

FREDEKING & FREDEKING LAW OFFICES, LC,
a West Virginia Legal Corporation, and
FREDEKING & FREDEKING,

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the defendants' Motion to Dismiss the Amended Complaint [Doc. 15] and the plaintiffs' Motion to Compel Arbitration [Doc. 19]. For the reasons that follow, the Court **DENIES** the defendants' motion, and **GRANTS** the plaintiffs' motion.

**BACKGROUND**

This dispute originates from alleged breaches of a series of fee-sharing agreements entered into by Plaintiffs Galloway and Associates, PLLC and Galloway and Associates [collectively "Galloway"] with Defendants Fredeking & Fredeking Law offices, LC and Fredeking & Fredeking [collectively "Fredeking"]. All parties are engaged in the practice of law, and since 1995, they have collaborated on various legal projects in accordance with terms set forth by the noted agreements. The disposition of this dispute requires an inquiry into the agreements' applicable provisions. The material facts are as follows.

On December 31, 1997, L. Thomas Galloway and R.R. Fredeking, II entered into an agreement on behalf of the parties concerning the rendering of professional services for personal injury actions involving the representation of injured or deceased miners and their estates as well as a series of class action litigation matters with the law firm, Milberg, LLP (the "1998 agreement"). Pl.'s Mot. Summ. J. 2-3, No. 11 (Ex. 1). The agreement was to last for two years and the parties were to divide the proceeds pursuant to the applicable terms set forth in the agreement. *Id*. Clause 13 of the 1998 agreement contains an arbitration provision stating in pertinent part that "[a]ll disputes of any kind under this agreement shall be submitted to arbitration under the standards established by the American Arbitration Association. . . ." *Id*.

Subsequently, the parties entered into similar agreements for the collective rendering of legal services both on January 11, 2000 (the "2000 agreement") and December 30, 2000 (the "2001 agreement"). *Id.* (Exs. 2-3). These subsequent agreements both purport to incorporate the arbitration provision contained in the 1998 agreement. The 2000 agreement provides:

> Except as set forth in paragraphs 1 and 2 above, the provisions of the existing agreement [fn.2 – The existing agreement between [Galloway & Associates] and [Fredeking & Fredeking] expired on December 31, 1999 as to new matters. However, by its express terms, it continues to apply to existing [sic] except as it is modified or supplemented herein] will continue to apply. . . .

*Id.* (Ex. 2). Similarly, the 2001 agreement contains the following language:

> Except as set forth in Paragraphs 1-3 above, the provisions of the existing agreement between [Fredeking & Fredeking] and [Galloway & Associates] will continue to apply. . . .

*Id.* (Ex. 3).

The instant dispute concerns the obligations of each party under the relevant fee-splitting provisions of the agreements. Fredeking claims that Galloway has breached the agreements by failing to make an adequate accounting of funds received and costs incurred in the Milberg litigation,

and by refusing to pay Fredeking its share of the proceeds derived from matters related to that litigation. In addition, Fredeking contends that Galloway has actually overstated its own expenses, and misrepresented both proceeds it received from Milberg, and payments it claims to have already made to Fredeking after completing work on the cases. The parties have been unable reconcile their differences, and on June 14, 2010, Fredeking filed a civil action against Galloway and other related parties in the Circuit Court of Wyoming County, West Virginia seeking over $1 million in compensatory and punitive damages, as well as an accounting of funds. Def.'s Mot. Dismiss Compl., No. 9 (Ex. 1; Wyoming County Complaint). The complaint in the Wyoming County action was only recently served on Galloway, and although Galloway has filed a motion to dismiss the action, it argues that all claims in state court related to the 1998, 2000, and 2001 agreements should be submitted to arbitration.

      This case, though recently filed, already has an extensive procedural record. On June 16, 2010, Galloway brought suit in this Court under the applicable provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), seeking a declaration that the arbitration provisions contained in the 1998, 2000, and 2001 agreements are valid. Pl.'s Compl., No. 1. Subsequently, Fredeking filed a Motion to Dismiss the original Complaint on July 16, 2010. Def.'s Mot. Dismiss Compl., No. 9. Before this Court addressed the Motion to Dismiss, Galloway filed a Motion for Summary Judgment on July 20, 2010 based on the allegations in the Complaint. Pl.'s Mot. Summ. J. 2-3, No. 11. However, both Galloway's Motion for Summary Judgment and Fredeking's Motion to Dismiss were established as moot by this Court's Orders entered on August 20, 2010 and September 2, 2010 because of Galloway's decision to amend the Complaint.

      Galloway now seeks (1) a declaration that the arbitration provisions are valid and

enforceable, (2) an order compelling arbitration, (3) an order staying the Wyoming County action so that any dispute between the parties may be submitted to arbitration, and (4) an order awarding attorney's fees.  Currently pending for resolution are Fredeking's Motion to Dismiss the Amended Complaint and Galloway's Motion to Compel Arbitration.  All issues have been fully briefed and are ripe for resolution.

## DISCUSSION

### II.     Motion to Dismiss

In its Motion to Dismiss, Fredeking raises three primary arguments: (1) that this Court lacks subject matter jurisdiction to hear the dispute under the FAA, (2) that the Court should abstain from interfering with the parallel proceedings pending in West Virginia state court, and (3) that the doctrine of judicial estoppel precludes Galloway's instant action. The issue of arbitrability can be resolved only if the Court can properly exercise jurisdiction in this matter.

#### A.     Jurisdiction

Galloway seeks an order compelling arbitration under 9 U.S.C. § 4 of the FAA and a declaration of its rights under the 1998, 2000, and 2001 agreements.  Fredeking urges dismissal of Galloway's claims under Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks subject matter jurisdiction to hear this case under the FAA.  In addition, Fredeking argues that the case should be dismissed because of two actions that are currently pending in Wyoming and Kanawha counties which involve substantially similar parties and overlapping issues of law and fact.[1]  Consequently, Fredeking reasons that Galloway's action in this Court is duplicative and

---

[1]On June 16, 2010, two related parties, the Galloway Group and L. Thomas Galloway filed a complaint against Fredeking and R.R. Fredeking II individually in the Circuit Court of Kanawha County under W. Va. Code §55-13-1 and Rule 57 of the West Virginia Rules of Civil

demonstrates an effort to obtain an unfair advantage. Because Fredeking's latter argument raises a concern with abstention which is discussed in subsection II.B of this Opinion, the Court addresses the former argument first.

The FAA is "something of an anomaly in the field of federal-court jurisdiction" in that it "creates a body of substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent [basis]" for jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) ("Moses H. Cone"). Section 4 of the FAA provides the authority for this Court to grant Galloway's Motion to Compel only if "diversity of citizenship or some other independent basis for federal jurisdiction" exists. *Id.* (citing 9 U.S.C. § 4). As a threshold matter, Galloway's request for a declaration of its rights under the terms and conditions of the 1998, 2000, and 2001 agreements pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (2010), cannot provide an independent basis for subject matter jurisdiction for its Motion to Compel. *M.C. Constr. Corp. v. Gray Co.*, 17 F.Supp.2d 541, 545 ("Relief under the [Declaratory Judgment Act] can 'only be given if the requisites of jurisdiction, in the sense of a federal right or diversity, provide[] foundation for resort to the federal courts." (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950))). Instead, Galloway asserts that jurisdiction is vested in this Court pursuant to the provisions of 28 U.S.C. § 1332(a) in that the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000. The Court agrees with this assessment.

First, Plaintiff Galloway and Associates, PLLC is a professional limited liability company

---

Procedure, seeking declaratory relief establishing the validity of arbitration provisions embodied in formal agreements entered into both in October of 2001 and November of 2003.

incorporated under the laws of Colorado, and is the successor to Plaintiff Galloway and Associates, a sole proprietorship originally operated in the District of Columbia and then relocated to Colorado in 1995. Defendant Fredeking & Fredeking, LC is incorporated in West Virginia, and Defendant Fredeking & Fredeking is an unincorporated law partnership operating in West Virginia. The citizenship of both limited liability companies and partnerships is generally determined by the state or states where its members are citizens. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("Exro") (noting that a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members"); *Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3d 698, 701 (4th Cir. 2010). All relevant partners for Fredeking are West Virginia citizens, and Galloway has only one member, L. Thomas Galloway. Mr. Galloway is a citizen of Colorado. The parties do not dispute that the foregoing would satisfy the complete diversity requirement if true.

Rather, Fredeking argues that complete diversity is lacking here because, even though Galloway has chosen to join only Colorado parties in this action, its associated entity, the Galloway Group, is really a West Virginia partnership, and is the true party in interest to this dispute. *See Exro*, 388 F.3d at 121 n.3 ("Diversity jurisdiction is . . . judged by the real parties in interest." (citation omitted)). The argument is based on the "belief" that all of the income generated by the parties' business relationship was managed solely by the Galloway Group. Def.'s Supp. Br. Opp. Pl.'s Mot. Compel Arbitration 2, No. 33. The Galloway Group is a West Virginia joint venture established by the parties through a separate formal agreement entered into in 2001. Def.'s Mot. Dismiss Compl., No. 9 (Ex. 1; Wyoming County Complaint at 4). However, the fact that Galloway has chosen not to join this associated entity in this action is not dispositive on the issue of whether

the parties here can be compelled to arbitrate based on the agreements that existed between them.

The "real party in interest" for purposes of determining diversity of citizenship is one who has a "substantial stake" in the case's outcome. *West Virginia v. Morgan Stanley & Co.*, 747 F.Supp. 332, 337 (S.D. W. Va. 1990) (citations omitted); *Thomas v. Corbett*, No. 3:10-0790, 2010 U.S. Dist. LEXIS 79205, at *4-5 (S.D. W. Va. Aug. 2, 2010); *West Virginia v. Anchor Hocking Corp.*, 681 F.Supp. 1175, 1178 (N.D. W. Va. 1987). Fredeking asserts separate claims in the Wyoming County action against L. Thomas Galloway, Galloway & Associates, and the Galloway Group. Def.'s Mot. Dismiss Compl., No. 9 (Ex. 1; Wyoming County Complaint at 1-7). Moreover, Fredeking requests damages from Galloway based upon the agreements at issue in this action. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005) ("A named defendant who admits involvement in the controversy and would be liable to pay a resulting judgment is not 'nominal' in any sense . . . ."). Because Fredeking does not dispute both the validity of–and the parties to–these agreements, the Court decides the issue of arbitration as a matter between the parties in *this* action. And the parties in this action have a substantial stake in the outcome of the Wyoming County action, and complete diversity exists between them.

Similarly, the amount in controversy requirement is satisfied. "In considering a suit to compel arbitration, the question of jurisdictional amount may be determined by reference to the possible award resulting from the requested arbitration." *Delta Fin. Corp. v. Paul D. Comanduras & Assocs.*, 973 F.2d 301, 304 (4th Cir. 1992). This approach is followed by other circuits. *See, e.g.*, *Davenport v. Procter & Gamble Mfg., Co.*, 241 F.2d 511, 514 (2d. Cir. 1957) (noting that the court should look through to the possible award resulting from the desired arbitration to determine the jurisdictional amount); *America's Money Line, Inc. v. Coleman*, 360 F.3d 782, 787 (7th Cir. 2004)

("[T]he stakes of the arbitration are the ultimate amount in controversy."); *Webb v. Investacorp*, 89 F.3d 252, 256 (5th Cir. 1996) ("[T]he amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceeding.").

Here, Galloway has alleged that the amount at issue is greater than $75,000. Fredeking has not challenged that assessment. Similarly, with the Wyoming County complaint, Fredeking has requested $1,006,643 in funds to which it alleges it was entitled under the agreements, in addition to punitive damages, interest, and costs. Accordingly, there is sufficient evidence for this Court to find the amount in controversy satisfied, and to maintain jurisdiction over Galloway's petition to compel arbitration.

### B. Abstention

Fredeking argues that the Court should abstain from hearing Galloway's petition because of the parallel proceedings pending in Wyoming County.[2] Fredeking reasons that the issues presented by its petition are properly before the state court, and that this court should defer to those proceedings. This argument is not persuasive under established abstention law.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("Colorado River"). Absent exceptional circumstances, the "district court has a duty to adjudicate a controversy properly before it." *E. Assoc. Coal Corp. v. Munson*, 266 F.Supp.2d 479, 484 (N.D. W. Va. 2003)

---

[2]Fredeking raises this argument under Federal Rule of Civil Procedure 12(b)(6) without expressly referring to abstention. Under Rule 12(b)(6), we must take the facts in the light most favorable to the plaintiff, and may grant a motion to dismiss if the complaint does not allege "'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis removed).

("Munson") (citing *New Beckley Mining Corp. v. Int'l Union*, 946 F.2d 1072, 1073 (4th Cir. 1991)); *see also Moses H. Cone*, 460 U.S. at 15-16, 23 (considering *Colorado River* in finding that abstention was not warranted where a party sought a motion to compel arbitration because no "exceptional circumstances" existed). When coercive relief such as a motion to compel arbitration is sought in the presence of ongoing and parallel state court proceedings, the district court should consider the six factors delineated in *Moses H. Cone* and *Colorado River* in determining whether exceptional circumstances exist. *See United Serv. Prot. Corp. v. Lowe*, 354 F.Supp.2d 651, 655-56 (S.D. W. Va. 2005) ("Lowe") (applying the factors in *Colorado River* and *Moses H. Cone* where petitioner sought to stay parallel state court proceedings in order to enforce an arbitration clause (citing *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 341 (4th Cir. 2002) (citation omitted))). Those factors are:

(1) assumption by either court of jurisdiction over a res;

(2) the relative inconvenience of the forums;

(3) the avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained by the concurrent forums;

(5) whether and to what extent federal law provides the rules of decision on the merits; and

(6) the adequacy of the state proceedings in protecting the rights of the party invoking jurisdiction.

*Munson*, 266 F.Supp.2d at 484-485 (citing *Moses H. Cone*, 460 U.S. at 15-16, 23-26).

In this case, because the parties only dispute the relevant provisions of fee-sharing agreements, and their duties and obligations under those agreements, there is not a need for either this Court or the Wyoming County Circuit Court to assume jurisdiction over property. There is also no suggestion that determining the issue of arbitrability in this Court would present an inconvenience

to the parties. Both the Wyoming County Circuit Court and this Court are located in West Virginia. *See Lowe*, 354 F.Supp.2d at 656 (reaching a similar conclusion where the litigants were located in the same state). Further, the third factor maintains less importance in this dispute because "arbitrability . . . is easily severable from the merits of the underlying controversy."[3] *Munson*, 266 F. Supp.2d at 485 (citing *Moses H. Cone*, 460 U.S. at 20-21).

With regard to the fourth factor, the Wyoming County action was filed on June 14, 2010, two days before Galloway brought its petition in this Court. However, the priority in which courts obtain jurisdiction under the fourth factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. As of August 30, 2010, Galloway had yet to be served with the complaint in the Wyoming County action. To be sure, Galloway recently filed a motion to dismiss in Wyoming County, but the instant action raises few comity concerns because the proceedings there are not far advanced, and will not be unduly disrupted by this Court's decision. *See Lowe*, 354 F.Supp.2d at 656 (noting that "the more the state has invested its time and resources into the proceedings, the less appropriate it is for a federal court to intervene and disrupt those proceedings").

The fifth factor requires an inquiry into whether state or federal law governs the dispute.

---

[3]At oral argument, Fredeking argued that the complaint in the Wyoming County action only concerns the issue of whether Fredeking had been paid funds to which it was entitled, not ancillary questions concerning the validity of arbitration provisions in the agreements. Fredeking thus urged the Court to deny Galloway's Motion to Compel because granting it would create confusion and fragmented litigation in that the Court would necessarily have to rule on a separate substantive question of contractual validity. However, it is well settled that the sole question of whether a court should compel arbitration is severable from the *merits* of the underlying dispute–in this case, whether Fredeking is entitled to an accounting and damages pursuant to the agreements at issue. In that vein, this Court need not decide any matter relating to the merits of the parties' contractual dispute.

Because Galloway seeks a motion compelling arbitration under 9 U.S.C. § 4, § 2 of the FAA governs the substance of this dispute. *See* 9 U.S.C. § 2 ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable. . . ."). Section 2 creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act. . . ." *Moses H. Cone*, 460 U.S. at 24.

While it is true that the preliminary question of whether the parties reached a legally binding agreement is a matter governed by state contract law, a determination of the applicability of the arbitration provisions contained in the 1998, 2000, and 2001 agreements does not counsel in favor of surrendering jurisdiction because that determination is limited to the issue of arbitrability under the FAA. Moreover, because of the strong federal policy favoring arbitration, *see Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581 (2008), the arbitrability issue is a matter of federal law and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25; *Whiteside v. Teltech Corp.*, 940 F.2d 99, 101 (4th Cir. 1991) ("Whiteside").

Finally, Fredeking argues that Galloway could properly seek to compel arbitration in the Wyoming County Circuit Court. While Galloway concedes this point, it contends that the court in *Eastern Associated Coal Corp. v. Munson* addressed similar facts, and found that, under the sixth factor, those facts did not necessarily weigh in favor of a surrender of jurisdiction. 266 F.Supp.2d at 485. In *Munson*, the court considered a case where plaintiffs sought a declaration that an arbitration provision was valid and enforceable and an order requiring the defendant to dismiss his state court lawsuit, and pursue his claims in arbitration. *Id.* at 483. The defendant argued that exceptional circumstances existed justifying abstention because the plaintiffs could simply seek

relief in the already-initiated state court proceedings. *Id.* The court rejected the argument despite the fact that discovery was nearly complete and a trial date had been set. *Id.* at 485. As the court reasoned, "the purpose of the [*Colorado River-Moses H. Cone*] balance" is not to strain to exercise federal jurisdiction, but to ascertain whether exceptional circumstances justify its surrender. *Id.* (citing *Moses H. Cone*, 460 U.S. at 25).

Like in *Munson*, the circumstances presented in this case do not "tip the scale" in favor of surrendering jurisdiction. *Id.* The action in Wyoming County is not as far advanced as the proceedings in *Munson* were, and Fredeking has not offered any other compelling arguments suggesting that the exercise of jurisdiction by this Court would accompany an exceptional circumstance.

### C. Judicial Estoppel

Finally, Fredeking argues that the doctrine of judicial estoppel bars Galloway's action in this Court because Galloway has taken obvious and factually inconsistent positions in lawsuits both in the Kanawha County action and in this case. First, Fredeking asserts that Galloway has misled the Court by implying that no other court has assumed jurisdiction over the issues raised in its Motion to Compel Arbitration. Def.'s Mot. to Dismiss Am. Compl. 6, No. 15. Also, as discussed, Fredeking claims that Galloway omitted adding to this action an associated West Virginia partnership (the Galloway Group) that is currently a party to the Kanawha County action in order to avoid destroying complete diversity in federal court. *Id.* Because of these "inconsistent positions," Fredeking urges this Court to dismiss Galloway's petition under the doctrine of judicial estoppel. *Id.*

"Judicial estoppel is an equitable doctrine that exists to prevent litigants from playing 'fast

and loose' with the courts–to deter improper manipulation of the judiciary." *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998) (citation omitted). It is applicable where (1) the party to be estopped advances an assertion that is inconsistent with a position taken during previous litigation; (2) the position is one of fact instead of law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped acted intentionally, not inadvertently. *Id.* at 1217-18.

The problem with Fredeking's argument is that the Kanawha County action concerns the interpretation of arbitration clauses in two *different* agreements created in October of 2001 and November of 2003. Galloway's petition in this Court concerns the application of the arbitration provisions in the 1998, 2000, and 2001 agreements. Moreover, the threshold question of arbitrability is not a question of fact, but one of law for the court to decide. *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 83 (2002). Accordingly, neither of the first two elements are satisfied. And because there have been no inconsistent positions advanced by Galloway, the third and fourth element need not be addressed.

**III.    Motion to Compel Arbitration**

To state a claim under 9 U.S.C. § 4, the "plaintiff must allege (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside*, 940 F.2d at 102.

First, the parties' dispute concerns the 1998, 2000, and 2001 agreements. These agreements partially constitute the basis of the Wyoming County action, and Fredeking's action for recovery in

Wyoming County depends on the validity of the agreements in the first instance. Moreover, the complaint in that court references all three of the agreements, and all three contain the arbitration clauses already specified in this Opinion.[4] Thus, the first two factors are satisfied.

The third factor must be interpreted expansively. *See Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 452 (4th Cir. 1997) (suggesting that the "commerce" requirement in § 2 of the FAA must be interpreted in accordance with the broad reach of the Commerce Clause). Here, the agreements specify matters which relate to financial accounts and legal representations reaching into jurisdictions outside of West Virginia. In addition, as already specified, the parties themselves are completely diverse as Galloway is based in Colorado, and Fredeking in West Virginia. *Cf. Lowe*, 354 F.Supp.2d at 658 (compelling arbitration where the parties had connections to West Virginia and Delaware, and where the underlying transaction involved an agreement that was signed in Ohio). Accordingly, the parties' transaction is sufficiently related to interstate commerce.

Finally, the fourth factor is satisfied because Fredeking has refused to submit to arbitration in accordance with the arbitration clauses by instead initiating the Wyoming County action. There are, of course, residual questions as to whether some of the claims Fredeking has brought in Wyoming County against the Galloway Group and others are covered under the arbitration clauses in the agreements at issue in this action. Thus, the Court grants Galloway's Motion to Compel only as to claims based on the 1998, 2000, and 2001 agreements between Galloway and Fredeking.[5]

---

[4] The 2000 and 2001 agreements are signed by party representatives, and although the 1998 agreement is not signed by a Fredeking representative, Fredeking does not dispute its validity.

[5] Fredeking appeared to advance the contention at oral argument that there is some dispute as to whether Galloway has failed to comply with contractual procedures that would entitle it to arbitration of claims it has made under the agreements. However, other "'procedural' questions .

**III.     Injunctive Relief**

In addition to its Motion to Compel, Galloway states that it reserves its right to request an order from this Court staying the proceedings in the Wyoming County Circuit Court. Fredeking argues that we lack the power to enjoin those proceedings. This request "raises serious concerns of federalism and comity," *Lowe*, 354 F.Supp.2d at 659, and requires us to consider the limitations imposed by the Anti-Injunction Act. *See* 28 U.S.C. § 2283 (2010). Section 2283 of that act provides in pertinent part:

> A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

*Id.* Enjoining state court proceedings is an extreme method of relief, and the three exceptions in § 2283 are to be narrowly construed. *See Lowe*, 354 F.Supp.2d at 659 (citing *Atl. Coastline R.R. Co. v. Bd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970) ("*Atl. Coastline*")). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coastline*, 398 U.S. at 297.

There is no binding or persuasive authority suggesting that a district court must–or even may–grant a stay of *state* court proceedings in conjunction with a motion to compel arbitration under § 4 of the FAA. At least one court in this district has found that the plain language of § 3 of the FAA provides no independent authority for enjoining parallel state-court proceedings. *See Lowe*, 354

---

. . grow[ing] out of the dispute and bear[ing] on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964); *Howsam*, 537 U.S. at 84-85 (noting that the "presumption is that the arbitrator should decide 'allegations of waiver, delay, or a like defense to arbitrability.'" (quoting *Moses H. Cone*, 460 U.S. at 24-25)).

F.Supp.2d at 659. However, there is authority supporting the proposition that this Court may issue an order enjoining a party to the action from *prosecuting* a claim in a parallel state court proceeding. *See Captain D's, LLC v. McClenathan,* No. 2:06-0261, 2006 U.S. Dist. LEXIS 85798, at *18-19 (S.D. W. Va. Nov. 27, 2006) ("[T]his court has granted an employer's motion to compel arbitration and simultaneously enjoined an employee from pursuing his claims in state court." (referencing *Am. Gen. Life and Accident Ins. Co. v. Wood*, Order, CA No. 2:01-0673, at 28-37 (S.D. W. Va.) (Sept. 3, 2004))); *cf. Lowe*, 354 F.Supp.2d at 659 (noting that because the court believed that the parties would act in accordance with the law and its order compelling arbitration, a separate order staying a parallel state court proceeding was unnecessary).

Nonetheless, to the extent that Galloway seeks such an order, the Court declines to issue one. Instead, the Court trusts that Fredeking will obey the dictates of this Order, and refrain from pursuing its claims against Galloway under the 1998, 2000, and 2001 agreements in Wyoming County.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Fredeking's Motion to Dismiss the Amended Complaint [Doc. 15] and **GRANTS** Galloway's Motion to Compel Arbitration [Doc. 19].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 8, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE