IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GALLOWAY and ASSOCIATES, PLLC,
and GALLOWAY and ASSOCIATES,

      Plaintiffs,

v.              CIVIL ACTION NO. 3:10-0830

FREDEKING & FREDEKING LAW OFFICES, LC,
a West Virginia Legal Corporation, and
FREDEKING & FREDEKING,

      Defendants.

**ORDER**

Pending before the Court is Plaintiffs' Motion to Enforce the Court's October 8, 2010 Judgment Order and to Enjoin Defendants from proceeding with their state action. [Doc. 46]. For the following reasons, the Court **DENIES** that motion. Further, the Court **DENIES** as moot (1) Plaintiffs' Motion to Reinstate Action [Doc. 40] and (2) Plaintiffs' Motion to Enjoin Defendants From Prosecuting State Court Action. [Doc.42].

**BACKGROUND**

On October 8, 2010, this Court ordered the defendants Fredeking & Fredeking Law Offices, LC, and Fredeking & Fredeking ("Defendants") to submit to arbitration their contract-related claims in Wyoming County state court against the plaintiffs Galloway and Associates, PLLC, and Galloway and Associates ("Plaintiffs"). The claims at the heart of the Court's Order concerned those raised under the 1998, 2000 and 2001 agreements between the parties. An extensive account of the

material facts need not be repeated here because the Court has already detailed those facts in its October 8, 2010 Order. *See Galloway and Associates, PLLC v. Fredeking & Fredeking Law Offices, LC*, No. 10-0830, 2010 WL 3955790 (S.D. W. Va. Oct. 8, 2010).

On November 4, 2010, the Court held a telephonic conference with the parties' attorneys to discuss Plaintiffs' first motion to enjoin Defendants from disobeying the October 8, 2010 Order. It was Plaintiffs' contention that Defendants had, in willful violation of the Order, issued a summons and complaint upon Plaintiffs to defend the claims in Wyoming County. During the conference call, the Court arrived at the conclusion that these documents were sent inadvertently. The parties then agreed that they would submit a joint stipulation and agreed order of disposition detailing the proposed plan for proceeding to arbitration.

Instead, Plaintiffs now claim that Defendants continue to prosecute the Wyoming County action—albeit in a deceiving manner. Namely, Plaintiffs contend that Defendants are essentially pursuing claims under the 1998, 2000 and 2001 agreements via their representative, R.R. Fredeking, II ("Fredeking"), the primary signatory to those agreements on behalf of Defendants.

## DISCUSSION

Plaintiffs seek from this Court an order permanently enjoining Defendants, and any parties in privity with them, from pursuing claims in state court under the 1998, 2000 and 2001 agreements that constitute the basis of the October 8, 2010 Order. "The standard for a permanent injunction . . . is similar to the standard for a preliminary injunction." *Echostar Satellite LLC v. Rollins*, No. 07-00096, 2008 U.S. Dist. LEXIS 8173, at *17 (S.D. W. Va. Feb. 4, 2008). In determining whether to grant a preliminary injunction, the Court must consider four factors:

> (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the

likelihood that the plaintiff will succeed on the merits, and (4) the public interest. *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991). There are two differences in the standards, however. First, to obtain a permanent injunction, the plaintiff must actually establish success on the merits. *Echostar*, 2008 U.S. Dist. LEXIS 8173, at *17-18. In addition, the focus on irreparable harm must include the question of whether the plaintiff has an adequate remedy at law. *Id.*

Plaintiffs contend that Defendants are simply ignoring the Court's Order by using Fredeking—who is, admittedly, not a party to the instant proceedings—to prosecute their action in Wyoming County under the 1998, 2000 and 2001 agreements. Plaintiffs argue that Fredeking is in direct privity with Defendants, and is therefore bound the Court's Order. Plaintiffs further allege that Defendants mask their attempt to violate the Court's Order by proceeding against the Galloway Group, rather than Plaintiffs, as the named party. The Court finds this position untenable in light of its prior holding.

Even if Plaintiffs are correct that Fredeking is bound by the October 8, 2010 Order by virtue of privity or equitable estoppel, this Court may still not exceed its subject matter jurisdiction. In the October 8, 2010 Order, the Court considered whether the Galloway Group, a West Virginia partnership, was a true party in interest for the purposes of establishing diversity jurisdiction. The Court concluded that the Galloway Group is a West Virginia joint venture established by the parties through a separate formal agreement entered into in 2001. Despite the fact that Defendants alleged that all of the income generated by the parties' business relationship was managed solely by the Galloway Group, the Court declined to find that it was the real party in interest. Indeed, if the Court had found otherwise, complete diversity would have been lacking in the first instance, and the Court

could not have granted Plaintiffs' Motion to Compel Arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) (noting that the FAA requires an independent basis for subject matter jurisdiction before the district court may order relief under the act).

The Court recognizes that litigants may sometimes utilize tactics that have a collateral effect of undermining its orders. However, in this case, the Court believes that the Circuit Court of Wyoming County is perfectly capable of deciding which claims should be submitted to arbitration in accordance with the Court's October 8, 2010 Order, and which should not. To the extent that Plaintiffs allege that Defendants have chosen to circumvent this Court's Order by prosecuting claims under the 1998, 2000 and 2001 agreements against the Galloway Group, a party who has no real interest in the dispute, it may file a motion to dismiss in Wyoming County on that basis. Accordingly, the Court declines to enjoin the Defendants in the manner in which Plaintiffs have requested.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Enforce the Court's October 8, 2010 Judgment Order and to Enjoin Defendants from proceeding with their state action, as well as Plaintiffs' request for attorney's fees and costs. [Doc. 46]. Further, for reasons apparent, the Court **DENIES** as moot (1) Plaintiffs' Motion to Reinstate Action [Doc. 40] and (2) Plaintiffs' Motion to Enjoin Defendants From Prosecuting State Court Action. [Doc.42].

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:      December 1, 2010

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE